IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF TENNESSEE
WESTERN DIVISION

---

DELOIS EDWARDS, INDIVIDUALLY
AND AS TRUSTEE OF THE DELOIS
EDWARDS REVOCABLE LIVING TRUST, and
HOSANNA'S HOME HEALTH AGENCY,
INC.

**PLAINTIFF**

vs.                                          NO: _____

STATE FARM FIRE & CASUALTY COMPANY and
KISER'S FLOOR FASHIONS, INC, MIKE KISER,
MICHAEL CASHMIRE, ELMICKO DUNCAN, and
DON DOYLE

**DEFENDANTS**

---

**COMPLAINT FOR DAMAGES
JURY DEMANDED**

---

**COMES NOW THE PLAINTIFF, DELOIS EDWARDS**, Individually, and as Trustee of the Delois Edwards Revocable Trust, and Hosanna's Home Health Agency, Inc. by and through the undersigned counsel files this their Complaint for damages pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1961-1964, *et seq.* ("RICO"), the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101, et seq. ("TCPA"), 42

USC § 1981[1], Tenn. Code Ann. §§ 47-2-313, 47-2-314, 47-2-315, common-law negligence, common-law fraudulent misrepresentations, common-law fraudulent suppression and in support thereof states as follows:

1. The Plaintiff, Delois Edwards is an adult resident citizen of Tennessee and Illinois. Delois Edwards is the Trustee of the Plaintiff, Delois Edwards Revocable Living Trust, an Illinois revocable living trust, and the President and sole shareholder of Plaintiff, Hosanna's Home Health Agency, Inc., a Illinois corporation with its principal place of business in Illinois. (Delois Edwards individually, Delois Edwards Revocable Living Trust, and Hosanna's Home Health Agency, Inc collectively referred to hereinafter as "Edwards").

2. The Defendant, State Farm Fire and Casualty Company ("State Farm") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1 State Farm Plaza Bloomington, IL 61710. State Farm may be served with process by service by certified mail to an officer, director, or managing agent at its principal place of business or any other method authorized by Rule 4 of the Federal Rules of Civil Procedure.. State Farm is vicariously liable for the actions or omissions Michael Cashmire and/or Elymicko Duncan while in the course and scope of their employment via the doctrine of *respondeat superior*, actual or apparent agent-principal, and employee-employer.

---

[1] This Court has subject matter jurisdiction at this action pursuant to 28 USC § 1331 (Federal Question). Venue is proper in this district as the Defendants all reside or are deemed to reside in this district pursuant to 28 USC § 1391.

3. The Defendant, Kiser's Floor Fashions, Inc is a corporation organized and existing under the laws of the State of Tennessee with it principal place of business at 3050 Walnut Grove Road Memphis, Tennessee 38111. Kiser's Floor Fashions, Inc. may be served with process by service on its agent for service of process Robert Kiser at its principal place of business or by any other method authorized by the Rule 4 of the Federal Rules of Civil Procedure.

4. The Defendant Mike Kiser was during all relevant time periods an employee or actual or apparent agent for Kiser's Floor Fashions, Inc. Defendant Mike Kiser may be served with process at his business address of 3050 Walnut Grove Road Memphis, Tennessee 38111.

5. The Defendant, Mike Cashmire was at all relevant times an employee or actual or apparent agent for State Farm and may be served with process at his business address of Fire Claim Central 2500 Memorial Blvd Murfreesboro, TN 37129.

6. The Defendant, Elymicko Duncan was at all relevant times an employee or actual or apparent agent for State Farm and may be served with process at his business address of Fire Claim Central 2500 Memorial Blvd Murfreesboro, TN 37129.

7. The Defendant Don Doyle was during all relevant time periods a employee or actual or apparent agent for Kiser's Floor Fashions, Inc. Defendant. Mike Kiser may be served with process at his business address of

3050 Walnut Grove Road Memphis, Tennessee 38111.

8. On or about January 5, 2008, water flooded the first floor of Mrs. Delois Edwards' (hereinafter Edwards) home at 9567 Mallard Lake Road Collierville, Tennessee 38017. On or about January 22, 2008 Kiser's Floor Fashions, Inc. generated an estimate for repairing the flooring. On or about January 24, 2008, Edwards executed an Authorization to Repair. On information and belief, the authorization and Kiser's Floor Fashions, Inc.'s estimate were transmitted to State Farm by mail, facsimile, or e-mail invoking a nexus with the "mails", 18 USC § 1841, or "wire", 18 USC § 1843.

9. On February 22, 2008, Kiser's Floor Fashions, Inc prepared an estimate to (1) remove and replace the plywood subfloor (2) remove and replace the moisture barrier (3) remove and replace the oak hardwood and (4) sand, stain, and finish the floor.

10. Mike Kiser while in the course and scope of his employment and while in control of Kiser's Floor Fashions, Inc., Don Doyle while in the course an scope of his employment with Kiser Floor Fashions, Inc. , Mike Cashmire while in the course and scope of his employment with State Farm and State Farm knew that Don Doyle and Kiser Flooring would not replace the plywood subfloor or install the moisture barrier between the plywood subfloor and the hardwood flooring because this was a pattern and practice of Kiser's Floor Fashions, Inc and Don Doyle. In sum, Kiser, Kiser Floor Fashions, Inc., Doyle, Cashmire, and State Farm knew the alleged work outlined at (1) and (2) above

would not be done and intentionally misrepresented this information to Edwards or fraudulently suppressed this material fact.

11. Sometime thereafter, Don Doyle reinstalled the plywood sub-floor that had been flooded and installed a new hardwood floor on top of it. Doyle also did not install a moisture barrier between the hardwood and the old plywood. Doyle's conduct in failing to replace the flooded plywood sub-floor and failing to install a moisture barrier prior to installing the hardwood floor constituted a breach of the standard of care in installing the hardwood. Doyle negligently installed the hardwood flooring. Kiser's Floor Fashions, Inc. and/or State Farm expressly or impliedly warranted the hardwood flooring.

12. State Farm paid Kiser's Floor Fashions, Inc. on behalf of Mrs. Edwards and Kiser's Floor Fashions transferred these fraudulently obtained funds to pay expenses and profits. This conduct was in violation of 18 USC § 1956-1957.

13. In June 2008, Edwards noticed that the floor was cupping and notified Mike Kiser of the situation.

14. In January 2009, Kiser came to Edward's residence and fraudulently misrepresented that the floors would level out in about three (3) months. Kiser also intentionally failed to disclose that Doyle had failed to remove the flooded plywood subfloor or install a moisture barrier.

15. On or about August 18 or 19, 2009, Kiser and Mike Cashmire of State Farm inspected the flooring and Cashmire fraudulently and deceptively

misrepresented and in aid of the conspiracy to defraud the Plaintiff that there were pinhole leaks in the concrete foundation and that she needed to file a second claim. This conduct also violated the TCPA.

16. In October 2009, Kiser telephoned Edwards and fraudulently represented that Kiser Flooring would fix the floors and put the Edwards up in a hotel. This conduct also violated 18 USC § 1843, the TCPA, and common-law.

17. On October 30, 2009, Kiser and Doyle appeared at Edwards's residence. Instead of repairing the flooring as Kiser had represented in the earlier conversation, Doyle removed sections of the flooring near the windows and fraudulently misrepresented that the cupping of the entire first floor had been caused by the minimal leakages at the windows. Cashmire appeared at the residence later that afternoon and fraudulently misrepresented that the cupping of the hardwood flooring had been caused by pinhole leaks in the foundation. The joint actions of Kiser, Cashmire, and Doyle clearly constitute a RICO conspiracy and a Tennessee common law civil conspiracy. Doyle's conduct also constituted a breach of warranty of express or implied warranties.

18. On November 4, 2009, Elmickyo Duncan while in the course and scope of his employment with State Farm and in furtherance of the conspiracy to defraud ("coverup") mailed a letter to Edwards, which fraudulently misrepresented that the window leakage would constitute a second claim.

This conduct also violated 18 USC § 1841 and the TCPA.

19. On December 7, 2009, Duncan in furtherance of the scheme to defraud mailed a second letter, which fraudulently misrepresented that State Farm would consider the window leakage a second claim. This conduct also violated 18 USC § 1841 and the TCPA.

20. On December 18, 2009, Duncan and his supervisor inspected the Edwards property.

21. Between February 2010 and May 2010, Plaintiff at her own cost and expense replaced the plywood sub-floor, installed a moisture barrier, replaced the hardwood flooring, and repaired other areas of her home that had not been properly repaired by Kiser's Floor Fashions, Inc.

*RICO Enterprise*

22. The RICO Enterprise is an association-in-fact enterprise composed of Mike Kiser, Kiser Floor Fashions, Inc., Don Doyle, Mike Cashmire, Elymyco Duncan, and State Farm ("collectively RICO operators), Trust One Bank and US Bank. Trust One Bank is the bank utilized by Kiser's Floor Fashions, Inc. and its address is 1715 Aaron Brenner Drive Ste 100 Memphis, TN 38120. US Bank is the bank utilized by State Farm and its address is 800 Nicollet Mall 16th Floor Minneapolis, MN 55402. The RICO operators direct and control the RICO Enterprise. The RICO operators have conducted a pattern of racketeering activity over the course of this matter as discussed in the foregoing paragraphs.

*42 USC § 1981*

23. The actions and conduct of Kiser's Floor Fashions, Inc. and State Farm thru its agents and/or employees were also discriminatory as on information and belief this scheme or artifice to defraud State Farm customers is directed towards African-American homeowners in violation of 42 USC § 1981. Mrs. Edwards is an African-American and within the purview of § 1981. Kiser's Floor Fashion's and State Farm's conduct caused Mrs. Edwards mental anguish and loss of business income as she had to travel from her residence and business operation in the Chicago, Illinois area to attend to the repairs to her Collierville home.

24. As direct and proximate result of the Defendants liability including negligence, *RICO* liability, respondeat superior liability, fraudulent misrepresentation, fraudulent suppressions, TCPA liability, § 1981 liability, and breach of warranty, Plaintiff has incurred loss of use, replacement costs, mental anguish, additional repairs, business lost profits, incidental and consequential damages, inspection fees, attorney fees, and all other damages to her business and property contemplated by the jury.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully requests that the Court render judgment in favor of the Plaintiff, Delois Edwards against jointly and severally against Defendants State Farm, Kiser Floor Fashions, Mike Kiser, Elymicko Duncan, Mike Cashmire, and Don Doyle in

the amount of TWO MILLION DOLLARS ($2,000,000.00) to be determined by a jury of her peers to include compensatory damages, and attorney fees and expenses, treble damages, and punitive damages and costs pursuant to 18 USC § 1964 and 42 USC § 1988.

Respectfully submitted,

/s/Drayton D. Berkley
ARTHUR E. HORNE III, ESQ (BPR 20475)
MURRAY E. WELLS, ESQ (BPR 21749)
HORNE & WELLS, PLLC
JULIAN T. BOLTON, ESQ (BPR 15378)
DRAYTON D. BERKLEY, ESQ. (BPR022601)
**Attorneys for Plaintiff**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103

9