IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELOIS EDWARDS, INDIVIDUALLY AND AS TRUSTEE OF THE DELOIS EDWARDS REVOCABLE LIVING TRUST, AND HOSANNA'S HOME HEALTH AGENCY, INC.<br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE & CASUALTY COMPANY AND KISER'S FLOOR FASHIONS, INC., MIKE KISER, MIKE CASIMIR, ELMICKO DUNCAN, AND DON DOYLE<br><br>Defendants. | NO. 2:10-cv-2573 |

## ORDER ON MOTIONS TO DISMISS

Before the Court are Defendants Kiser's Floor Fashions ("Kiser's Floor") and Mike Kiser's ("Kiser") (collectively, "Defendants") motions to dismiss the complaint of Plaintiffs Delois Edwards ("Edwards"), the Delois Edwards Revocable Living Trust ("the Trust"), and Hosanna's Home Health Agency, Inc. ("Hosanna's") (collectively, "Plaintiffs"). (D.E. #31, 35, 36.) Defendants filed the motion to dismiss Edward's complaint on January 21, 2011, and filed the motions to dismiss as to the Trust and Hosanna's on January 31, 2011. Plaintiffs filed a complaint on August 4, 2010, against multiple defendants, including the movants Kiser's Floor and Kiser, asserting claims for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1964 et seq., 42 U.S.C. § 1981, the Tennessee Consumer

Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 et seq., and breach of express and implied warranties, Tenn. Code Ann. §§ 47-2-313, 314, 315.  Plaintiffs also bring Tennessee common law claims of negligence, fraudulent misrepresentation, and fraudulent suppression.  For the reasons stated herein, Defendants' motions to dismiss are GRANTED.

I. BACKGROUND[1]

Edwards purports to be a citizen of both Tennessee and Illinois.  (Compl. ¶1.)  She is the trustee of the Trust, an Illinois revocable living trust, as well as the President and sole shareholder of Hosanna's, an Illinois corporation.  (Id.)  Defendant Kiser's Floor is a Tennessee corporation, and Kiser and Don Doyle ("Doyle") are employees of Kiser's Floor.  (Compl. ¶3, 4, 7.)  Defendant State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation, and defendants Michael Cashmire ("Cashmire") and Elmicko Duncan ("Duncan") are State Farm employees.[2]  (Compl. ¶2, 5, 6.)

On or about January 5, 2008, water flooded the first floor of Edwards' home at 9567 Mallard Lake Road in Collierville, Tennessee.  (Compl. ¶9.)  On or about January 22, 2008, Kiser's Floor generated an estimate to remove and replace the plywood subfloor, moisture barrier, and oak hardwood as well as to sand, stain, and finish the flooring.  (Compl. ¶9, 10.)  On or about January 24, 2008, Edwards executed an "Authorization to Repair" form.  The estimate of Kiser's Floor and the Authorization Form were transmitted to State Farm via postal mail, fax,

---

[1] The following factual recitation is based on Plaintiffs' amended complaint and is only accepted as true for purposes of this motion.

[2] Plaintiff also names as a defendant CCA Global Partners, Inc., a Delaware corporation ("CCA").  (Compl. ¶8.)  Plaintiffs allege that CCA is vicariously liable for the acts and omissions of Kiser's Floor and its employees, Doyle and Kiser, while acting in the course and scope of their employment.  (Compl. ¶8.)  Plaintiffs do not allege facts, however, to indicate the relationship between CCA and Kiser's Floor or how CCA is liable for the acts and omissions of Kiser's Floor and its employees.

or email. (Compl. ¶9.) Plaintiff alleges that Kiser's Floor, Kiser, Doyle, State Farm, and Cashmire knew that this work would not be completed. (Compl. ¶11.)

Subsequently, Doyle reinstalled Edwards' plywood subfloor and installed a new hardwood floor on top of it. (Compl. ¶11.) He did not install a moisture barrier between the old plywood and the new hardwood. (Id.) State Farm paid Kiser's Floor on behalf of Edwards, and Kiser's Floor "transferred these funds to pay expenses and profits." (Compl. ¶13.) In June 2008, Edwards notified Kiser that the flooring was "cupping." (Compl. ¶14.) In January 2009, Kiser visited Edwards' home and communicated to her that the floors would level out in approximately three months. Kiser knew but did not tell Edwards that Doyle had failed to remove the plywood subfloor or install a moisture barrier. (Compl. ¶15.) On August 18 or 19, 2009, Kiser and Cashmire inspected Edwards' flooring. Edwards alleges that Cashmire intentionally misrepresented to Edwards that there were pinhole leaks in the concrete foundation and that she would need to file a second claim. (Compl. ¶16.)

In October 2009, Kiser called Edwards and told her that Kiser's Floor would repair her floors and pay for her to stay in a hotel. (Compl. ¶17.) On October 30, 2009, Kiser and Doyle went to Edwards' residence. (Compl. ¶18.) Doyle removed sections of the flooring near the windows and intentionally misrepresented to Edwards that the cupping of the flooring had been caused by leakage at the windows. (Id.) Later that afternoon, Cashmire appeared at Edwards' residence and, according to Edwards, again intentionally misrepresented that the cupping had been caused by pinhole leaks in the foundation. (Id.)

On November 4, 2009, Duncan mailed a letter to Edwards stating that the window leakage would constitute a second claim, and on December 7, 2009, Duncan mailed a second letter stating that State Farm would consider the window leakage a second claim. (Compl. ¶19,

3

20.)  On December 18, 2009, Duncan and his unnamed supervisor inspected Edwards' property. (Compl. ¶21.)  Between February 2010 and May 2010, Edwards at her own cost and expense replaced the plywood subfloor and hardwood flooring, installed a moisture barrier, and repaired other unspecified areas of her home that had not been properly repaired by Kiser's Floor. (Compl. ¶22.)

Plaintiffs filed a complaint in this Court on August 4, 2010, against State Farm, Kiser's Floor, Kiser, Cashmire, Duncan, Doyle, and CCA.  Plaintiffs assert that federal jurisdiction exists  pursuant to 28 U.S.C. § 1331 because of Plaintiffs' claims under RICO and 42 U.S.C. § 1981.  Plaintiffs assert that venue is proper on the basis that all of the named defendants reside or are deemed to reside in this district pursuant to 28 U.S.C. § 1391.  Plaintiffs filed an amended complaint on January 1, 2011.  Defendants Kiser's Floor and Kiser filed the instant motion to dismiss as to Edwards on January 21, 2011, and the instant motions to dismiss as to the Trust and Hosanna's on January 31, 2011.

II.  LEGAL STANDARD

Defendants move to dismiss some or all of Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and (6).  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure asserts that the court lacks subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction may challenge the sufficiency of the complaint itself—in which case it constitutes a facial attack—or it may challenge the factual existence of subject matter jurisdiction—in which case the motion constitutes a factual attack.  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  In ruling upon a facial attack, the court must take as true the allegations of the plaintiff's complaint and construe them in the light most favorable to the plaintiff, but in a factual attack, the court does not presume that the complaint's allegations

4

are true and instead considers other evidence bearing upon the question of subject matter jurisdiction. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). When faced with a factual attack, the trial court may, at its discretion, consider affidavits and documents and even conduct a limited evidentiary hearing to resolve any disputes as to jurisdictional facts. Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proving jurisdiction on a motion to dismiss under Rule 12(b)(1). Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986); see United Gov't Sec. Officers of Am. v. Akal Sec., Inc., 475 F. Supp. 2d 732, 736 (S.D. Ohio 2006).

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure only tests whether a cognizable claim has been pled. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). To determine whether a motion to dismiss should be granted, the court examines the complaint, which must contain a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). It must also provide the defendant with fair notice of the plaintiff's claim as well as the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). While the complaint need not present detailed factual allegations, to be cognizable it must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Scheid, 859 F.2d at 436-37.

Likewise, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" Twombly, 127 S. Ct. at 1965 (citation omitted). The mere possibility that some set of undisclosed facts will support recovery is insufficient to overcome a 12(b)(6) challenge. Twombly, 127 S. Ct. at 1968; see also Ashcroft v. Iqbal, 129 S. Ct. 1937,

1950 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). On a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations made in the complaint and construes them in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). The court, however, only takes as true well-pled facts, and it will not accept legal conclusions or unwarranted factual inferences. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998); see Iqbal, 129 S. Ct. at 1949. Finally, where a cause of action rests on fraud, as in this case, Rule 9(b) of the Federal Rules of Civil Procedure require that the cause be pled with particularity to survive a Rule 12(b)(6) motion.

### III. ANALYSIS

As a preliminary matter, Plaintiffs' amended complaint includes no facts establishing that the Trust or Hosanna's have a legally cognizable interest in the outcome of this lawsuit. There are no facts in the amended complaint to support the conclusion that Edwards was at any time acting on behalf of the Trust or Hosanna's, that a connection of any kind existed between the Trust or Hosanna's and Defendants, or that Defendants had knowledge of the Trust or Hosanna's. These deficiencies warrant dismissal under Federal Rule of Civil Procedure 8(a)(2) for failure "to include a short and plain statement of the claim showing that the pleader is entitled to relief." In the alternative, the Trust and Hosanna's have failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants' motions to dismiss as to the Trust and Hosanna's are therefore GRANTED. The remainder of the Court's analysis will refer only to Plaintiff Edwards.

A.  RICO

RICO is aimed at deterring "racketeering activity." See 18 U.S.C. § 1961(1) (defining "racketeering activity").  In order to establish racketeering activity, a plaintiff must allege a predicate offense that is indictable under RICO and must plead the elements of that offense with particularity.  See Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639, 652 (2008).  Edwards has alleged mail fraud and wire fraud, crimes which satisfy the predicate offense requirement. 18 U.S.C. §§ 1341, 1343.  The elements of mail and wire fraud are: (1) a scheme to defraud and (2) use of the mails, or of an interstate electronic communication, in furtherance of the scheme. Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999).  A scheme to defraud involves "[i]ntentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed."  Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir.1984) (quoting Epstein v. United States, 174 F.2d 754, 765 (6th Cir. 1949)) (emphasis omitted).

Taking Edwards' allegations as true and reading all inferences in her favor, the Court must nevertheless conclude that Edwards has failed to plead with particularity the "scheme to defraud" element of the predicate offenses of mail and wire fraud.  Edwards cites no specific facts in support of the conclusion that Defendants engaged in intentional fraud.  Nor has she identified the property that she was induced to part with or the legal right that she surrendered as a result of Defendants' alleged fraud.  Finally, Edwards alleges that Defendants utilized postal mail and electronic mediums to communicate, but she does not allege facts that establish a relationship or continuity between these communications sufficient to demonstrate a pattern of racketeering activity.  See 18 U.S.C. § 1962.

In conclusion, while Edwards' complaint might support a claim for breach of warranty or another state law claim, it cannot be read to plausibly describe a case under RICO. See, e.g., Twombly, 550 U.S. at 557 ("An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'") (citation omitted). Dismissal of this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is therefore appropriate.

### B.  42 U.S.C. § 1981

Pursuant to 42 U.S.C. § 1981, "intentional race discrimination in the making and enforcing of contracts involving both public and private actors" is prohibited. Amini v. Oberlin College, 440 F. 3d 350, 358 (6th Cir. 2006). To establish a right to relief under § 1981, "a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." Id.

Edwards has not pled any facts to support her claim that Defendants discriminated against her on the basis of race, nor has she pled facts tending to show that any conduct by a named defendant abridged a right enumerated in § 1981. Although Edwards alleges that Defendants' "scheme to defraud" was "directed at African-American homeowners," she pleads no facts to support that allegation. Edwards has provided no notice to Defendants as to the facts on which her § 1981 claim is based. Dismissal of this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is therefore appropriate.

### C.  28 U.S.C. § 1331

Edwards asserts that federal jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of her claims for relief under RICO and § 1981.  The Court has determined that Edwards' claims under these federal statutes must be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court therefore lacks subject matter jurisdiction over Edwards' claims against Defendants under § 1331 and no alternative basis for jurisdiction exists.  Edwards' remaining claims against Defendants under state law must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## IV.  CONCLUSION

For the reasons stated herein, the motions to dismiss filed by Defendants Kiser's Floor Fashions and Mike Kiser are GRANTED and Edwards' claims against these defendants are hereby DISMISSED.

IT IS SO ORDERED this the 3rd day of June, 2011.

           s/Bernice B. Donald
           BERNICE B. DONALD
           UNITED STATES DISTRICT JUDGE